UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

YINKA A. ADESHINA,

    Plaintiff,

v.                                  Case No. 4:21-cv-403-AW/MJF

GEORGE W. BUSH and BILL J.
CLINTON,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed an amended complaint in which she alleges that in Washington, D.C., in 1972, former President George W. Bush raped her at least twice, and in 1974, former President William J. Clinton raped her at least once. Plaintiff's amended complaint and claims suffer from numerous defects. For the sake of brevity the undersigned discusses only one such defect—improper venue—and recommends that the District Court dismiss this action based on improper venue.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

## I. Background

Plaintiff commenced this civil action against forty-two Defendants, including several famous actors, athletes, former presidents, and other public figures. Doc. 2. Plaintiff's claim consisted of two words: "statutory rape." Plaintiff sought $5 billion in damages for pain and suffering. The undersigned screened Plaintiff's complaint, identified significant deficiencies, and directed Plaintiff to amend her complaint or file a notice of voluntary dismissal. Plaintiff timely filed an amended complaint.

In her amended complaint, Plaintiff sues only two Defendants: former President George W. Bush and former President William J. Clinton. Doc. 5. Plaintiff asserts that while she lived in Washington, D.C., Defendants sodomized and sexually assaulted her at her family's apartment. These events allegedly occurred in 1972 and 1974. As the basis for her lawsuit, she asserts that Defendants violated four federal criminal statutes: 18 U.S.C. §§ 2031, 2032, 2242, and 2243.[2] Doc. 5 at 4. She seeks compensatory and punitive damages of $10 million. *Id.*

---

[2] The "fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979). Congress did not create a private cause of action in sections 2242 and 2243. *See Blaise v. Cent. Intel. Agency (CIA)*, No. 616CV1124ORL41TBS, 2016 WL 7493980, at *3 (M.D. Fla. July 25, 2016), *report and recommendation adopted*, No. 616CV1124ORL41TBS, 2016 WL 7491872 (M.D. Fla. Dec. 30, 2016), *aff'd sub nom. Blaise v. Cent. Intel. Agency*, 704 F. App'x 912 (11th Cir. 2017); *Miles v. Bottom*, No. 5:15-CV-126-JMH, 2016 WL 2344222, at *4 (E.D. Ky. May 3, 2016). Furthermore, Congress repealed two of the statutes

Because it appears that the Northern District of Florida is not the proper venue for this civil action, the undersigned directed Plaintiff to show cause why this case should not be dismissed based on improper venue. Plaintiff filed a timely response. In her response, she maintains that the forty-two individuals named in her original complaint raped her or sexually abused her between 1970 through 1980. Doc. 7 at 2. She asserts that she will bring each of these individuals to "Justice soon" for sexually assaulting her between 1972 and 1980.[3] She also argues that section 1391(e) of Title 28 of the United States Code makes the Northern District of Florida the proper venue for this civil action.

## II. Discussion

Plaintiff's amended complaint does not contain any facts which indicate that the Northern District of Florida is a proper venue for this civil action.

Federal law prescribes the proper venues for civil actions. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. of Tex.*, 571 U.S. 49, 56 (2013).

---

Plaintiff cites in her amended complaint. *See United States v. Kincade*, 379 F.3d 813, 847 (9th Cir. 2004) (noting that sections 2031 and 2032 "have long been repealed").

[3] Despite Plaintiff's claim that between 1972 and 1980, numerous individuals sexually abused her, at least twenty of the alleged perpetrators had not even been born by 1980. Doc. 7 at 2. Additionally, at least four of the alleged perpetrators would have been less than 10 years old at the time they allegedly sexually assaulted Plaintiff. Thus, it would have been impossible for many of these individuals to have sexually abused Plaintiff during the period alleged.

A civil action may be brought in—

>(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

>(3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In enacting the general venue statute, Congress intended to protect defendants and "therefore 'meant to require courts to focus *on relevant activities of the defendant*, not of the plaintiff.'" *Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371-72 (11th Cir. 2003) (emphasis added) (quoting *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995)). A central purpose of the federal venue statute is to ensure that a defendant is not "haled into a remote district having no real relationship to the dispute." *Woodke,* 70 F.3d at 985 (quoting *Cottman Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 294 (3d Cir. 1994)).

As to the first subsection, Plaintiff has not alleged in her amended complaint that either Defendant resides in the Northern District of Florida. Rather, she alleges that former President Bush is a resident and citizen of Texas and former President Clinton is a resident and citizen of New York. Doc. 5 at 2-3, 5.

As to the second subsection, Plaintiff does not allege that *any* relevant events or omissions occurred in the Northern District of Florida. *Id.* at 7-8. Rather, Plaintiff's allegations indicate that *all* of the events giving rise to her claims occurred in the District of the District of Columbia. *Id.*

As to the third subsection, venue may be predicated on this subsection only if venue would not be proper under subsections (1) and (2). *Algodonera De Las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005); *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 434 (6th Cir. 2005); *Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996). The third subsection, therefore, clearly is inapplicable insofar as this action may be brought in another district: the District of the District of Columbia, pursuant to subsection (b)(2).

Plaintiff's amended complaint, therefore, has not stated facts which indicate that the Northern District of Florida is a proper venue for this action. When a civil action is brought in an improper venue, a district court may *sua sponte* dismiss the action without prejudice so long as it provides the plaintiff an opportunity to present his views on the subject. *See* 28 U.S.C. § 1406(a); *Algodonera De Las Cabezas*, 432 F.3d at 1345; *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988). Affording a plaintiff an opportunity to object to a report and recommendation that recommends dismissal is sufficient. *Thomas v. Disanto*, 762 F. App'x 770, 772 n.1 (11th Cir. 2019).

The undersigned ordered Plaintiff to show cause why this case should not be dismissed for improper venue. Plaintiff responded that venue is proper under 28 U.S.C 1391(e)(1)(C), because she resides in the Northern District of Florida. Section 1391(e)(1) states:

> **(1) In general.**—A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). By its own terms, then, other than defendants which are government entities, section 1391(e)(1)(C) applies only when a defendant is "an officer or employee of the United States . . . acting in his official capacity or under color of legal authority." Plaintiff, however, did not allege in her amended complaint that Defendants were officers or employees of the United States acting in their official capacities when they allegedly sexually assaulted Plaintiff. Indeed, Defendant William J. Clinton did not become President until January 20, 1993, and Defendant George W. Bush did not become President until January 20, 2001. Furthermore, it is readily apparent that Plaintiff is seeking to sue Defendants for monetary damages in their individual capacities (*i.e.*, Plaintiff seeks to hold

Defendants personally liable).[4] Because section 1391(e)(1)(C) applies only to federal employees acting in their official capacities, it does not provide Plaintiff with a basis to assert that the Northern District of Florida is a proper venue for this case. *Stafford v. Briggs*, 444 U.S. 527, 784 (1980); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1460 (9th Cir. 1985). Section 1391(e)(1)(C) simply "does not apply to actions for money damages brought against federal officials in their individual capacities." *K.O. v. Sessions*, 436 F. Supp. 3d 442, 454-54 (D. Mass. 2020). Therefore, Plaintiff has failed to establish that the Northern District of Florida is a proper venue for this action.

Because the Northern District of Florida is not a proper venue for this action, the District Court should dismiss this action without prejudice.

---

[4] To the extent Plaintiff is seeking to sue Defendants in their official capacities for monetary damages, Plaintiff's claims are barred by sovereign immunity. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). For "official capacity" claims, therefore, a defendant has the benefit of the sovereign immunity enjoyed by the United States government. *Graham*, 473 U.S. 159, 167 (1985); *Scott v. Taylor*, 405 F.3d 1251, 1254 (11th Cir. 2005); *Chincello v. Fenton*, 805 F.2d 126, 130 n.4 (3d Cir. 1986). The United States is immune from suit unless Congress has unequivocally waived that immunity in the text of a statute. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 32 (1992); *United States v. Sherwood,* 312 U.S. 584, 586 (1941). In her amended complaint, Plaintiff has not identified a waiver of immunity that is applicable to this case.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 13th day of December, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**