IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**YINKA A. ADESHINA,**

    **Plaintiff,**

v.                                    Case No. 4:21-cv-403-AW-MAF

**GEORGE W. BUSH and BILL J.
CLINTON,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Yinka Adeshina has sued former presidents George W. Bush and William J. Clinton. In her first amended complaint, she alleges—in some detail—that both men sexually assaulted her in the early 1970s.

The magistrate judge recommends dismissal based on improper venue. ECF No. 8. Neither defendant lives in this district, and all the actions are alleged to have taken place in Washington D.C. *See* 28 U.S.C. § 1391(b). In response, Adeshina takes no issue with this conclusion. ECF No. 9 at 1 ("Thank you for your prompt response in this ongoing case. I have read your recommendation and shall abide by it. I understand that due to the location of the incident and residency of the defendants, Florida is an improper venue to hear this case."). She requests, though, that the case be transferred to Washington D.C. *Id.* at 2.

Under 28 U.S.C. § 1406(a), a district court in this situation "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." I will dismiss because, in my judgment, transfer is not in the interest of justice. For one, this is not a case in which there was any reasonable basis to believe this was the right venue. *Cf.* Fed. Prac. & Proc. Juris. § 3827 (4th ed.) ("[D]istrict courts often dismiss rather than transfer under Section 1406(a) if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and that similar conduct should be discouraged."). Second, in my discretion, I conclude the fantastical nature of the allegations makes transfer not in the interest of justice. So too does the procedural history: Her initial complaint included some 40 defendants—almost all public figures—against whom she alleged "statutory rape." ECF No. 2.[1] Finally, there is no indication that any pertinent statute of limitations has run in the interim, so the remedy of dismissal will not prejudice Plaintiff.

The report and recommendation (ECF No. 8) is adopted and incorporated into this order. The clerk will enter a judgment that says, "This action is dismissed without prejudice pursuant to 28 U.S.C. § 1406(a) because of improper venue." The clerk will then close the file.

---

[1] Among the dozens of original defendants were well known athletes, entertainers, business leaders, political figures, and others. ECF No. 1.

SO ORDERED on January 5, 2022.

                                                 s/ *Allen Winsor*
                                                 United States District Judge